**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0713-17T1

IN THE MATTER OF
QUALIFICATION FOR
NEW JERSEY TRANSIT
POLICE, ONEIL TORRES-
FALTO.

_____

Submitted October 25, 2018 – Decided April 30, 2019

Before Judges O'Connor and Whipple.

On appeal from the New Jersey Transit Police.

Miller, Meyerson & Corbo, attorneys for appellant Oneil Torres-Falto (Gerald D. Miller, of counsel and on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent New Jersey Transit Corporation (Jason W. Rockwell, Assistant Attorney General, of counsel; Aziz O. Nekoukar, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Oneil Torres-Falto appeals from a September 18, 2017 letter authored by a Deputy Attorney General (DAG) of the Office of the Attorney General, which represents respondent New Jersey Transit Corporation (NJTC) in this matter. We dismiss the appeal for lack of jurisdiction. See R. 2:2-3(a)(2).

The record is sparse. We glean the following from what was provided. In July 2016, appellant applied for the position of a New Jersey transit police officer with NJTC. On June 13, 2017, the manager of the Strategic Staffing Department of NJTC sent a letter to appellant, which stated, "We have been notified by our Medical Services Department Staff that you are not medically qualified for the position of Police Officer." The letter also informed appellant of the name and telephone number of the staff person to contact if appellant wished to discuss the "medical results." No other information was conveyed in that letter.

On June 30, 2017, appellant sent a letter to the manager of the Strategic Staffing Department stating he "contests and appeals the determination that he is not medically qualified for the position of police officer with New Jersey Transit." He further stated he "seeks the right to submit a report of a different psychologist to demonstrate that he is qualified to be a police officer with New Jersey Transit."

On August 4, 2017, appellant sent a letter to the DAG assigned to handle this matter on behalf of the Office of the Attorney General. In that letter, appellant cited case law he deemed relevant on the question of whether he could challenge the decision to "improperly remove[] [him] from the list of police candidates."

On September 18, 2017, the DAG sent a letter to appellant referencing the contents of appellant's June 30 and August 4, 2017 letters. The DAG expressed the opinion that appellant did not have the right to submit his own expert's report, and that NJTC did not have an obligation to reconsider appellant's application. The DAG also opined that the cases appellant cited in his August 4, 2017 letter were inapposite to the facts in this matter.

On October 13, 2017, appellant filed a notice of appeal, which states he is appealing from the "State Agency decision entered on 09/18/2017." In his case information statement, appellant notes he is appealing from the "09/18/2017 decision denying right to submit a report of psychologist in application to be police officer for NJ Transit."

Rule 2:2-3(a)(2) provides in relevant part:

> (a) As of Right. . . . [A]ppeals may be taken to the Appellate Division as of right
>
> . . . .

(2) to review final decisions or actions of any state administrative agency or officer, . . . except that review pursuant to this subparagraph shall not be maintainable so long as there is available a right of review before any administrative agency or officer, unless the interest of justice requires otherwise[.]

Here, there is no question appellant appeals from the DAG's September 17, 2018 letter. That letter is not a decision – final or otherwise – or an action of a state administrative agency or officer. The Attorney General is counsel to the NJTC, see N.J.S.A. 52:17A-4(e), and the DAG is the Attorney General's designee. See N.J.S.A. 52:17A-6. The DAG is not an employee, director, member, officer or in any way a part of NJTC. Appellant fails to cite any legal authority for the premise the DAG's September 17, 2018 letter was a final decision or action on the part of a state administrative agency or any of its officers.

The appeal is dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0713-17T1